J. V. RACKLEY v. FRANK STOUTAMIRE, as Sheriff in and for Leon County.

180 So. 375.

Division A.

Opinion Filed April 7, 1938.

*McCord & Collins,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus instituted in this Court to test the validity of Section 19 of Chapter 18011, Acts of 1937.

The section reads as follows:

"Every person who operates for a profit any machine, contrivance or device by which is set in motion or made or permitted to function by the insertion of a coin or slug, shall pay a license tax of $5.00 for each machine, contrivance or device; provided, that when any merchandise vending machine is located in and operated only in a place of business for which a license has been duly issued for trading, buying, bartering, serving or selling tangible personal property under this or other law of this State the license tax thereon shall be $2.00 for each machine, contrivance or device, and provided that this section shall not apply to coin-operated machines licensed under some other law of this State, and provided that no County or Municipal license shall be required on machines vending drinking cups or postage stamps when located on public conveyances."

The question as posed by the Petitioner is:

"Does the imposition of a license fee purported to be levied under the provisions of Section 19 of Chapter 18011, Laws of Florida, Acts of 1937, deny to petitioner equal protection of the law, or deprive him of his property without due process of law, contrary to the guaranties of Sections 1 and 12, Declaration of Rights of the Florida Constitution, and Article 14, Amendment to the Federal Constitution?"

The particular machine which Petitioner admits he operated is, as stated by the Petitioner, "a small mechanical device which permitted a customer to purchase pistachio nuts in small quantities without the assistance of petitioner, or a clerk, by the insertion of a one-cent coin into said device and the manipulation of a small lever; that said device had no amusement or chance features and was operated by the defendant for his customers' convenience, as well as his own, and to provide an attractive display of merchandise

which he was otherwise licensed to sell, and a sanitary, mechanical method of dispensing the same."

So we observe that if this quoted provision of the Act is valid, then the Petitioner must be remanded.

There is no contention that the statute does not apply to all persons using and operating such machines for the vending of merchandise in this State. The license is not laid on the business of selling merchandise, but is laid on the use of the vending machine to receive the coin and deliver the merchandise.

We think no useful purpose can be served by a lengthy discussion of the principles of law applicable to this case in view of the fact that this Court has recently upheld as valid another provision of this legislative Act, which we think was of more doubtful validity than the provisions here attacked, in the case of Bessie Pellicer v. Rex Sweat, opinion filed January 10, 1938.

In that opinion statutes of this character were discussed at length and we upheld the validity thereof. So on authority of the opinion and judgment in that case, and the applicable authorities there cited, we hold the provisions of the statute here involved to be valid.

The writ is dismissed and petitioner remanded.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.