**W. P. HARRELL v. ANTHONY J. SCHLEMAN, as Tax Collector of the County of Hillsborough, and C. M. Gay, as Comptroller of the State of Florida.**

36 So. (2nd) 431                             June Term, 1948.
June 8, 1948                                   En Banc
Rehearing granted July 2, 1948

*Hall & Farnsworth,* for appellant.

*James S. Moody* and *Lewis H. Tribble,* for Anthony J. Schleman, as Tax Collector of Hillsborough County, Florida

and C. M. Gay, as Comptroller of the State of Florida, appellees.

BARNS, J.:

This is a suit wherein the plaintiff-appellant sought an injunction against appellees to enjoin the defendants from imposing and collecting license taxes upon plaintiff's stamp vending machines, according to the provisions of Sec. 205.63 and 205.02, F.S. 1941, F.S.A.

The bill was filed on January 29, 1947, and was heard on a "motion to dismiss" on October 18, 1947. In the meantime, Chapter 23,740, Acts of 1947, became effective. This 1947 Act exempts stamp machines from payment of excise or license taxes. It is very likely that the enactment of Chapter 23,740 was not known to the parties or to the Chancellor.

The decree appealed should be and it is reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.

TERRELL and ADAMS, JJ., dissent.

SEBRING, J.:

W. P. Harrell instituted suit in the Circuit Court of Hillsborough County, on January 29, 1947, to restrain the tax collector of Hillsborough County, and the Comptroller of the State of Florida, from enforcing the collection of county license taxes due for the year 1946-47, upon certain postage stamp vending machines owned and operated by the plaintiff. The bill alleges that sections 205.63 and 205.02 of the Florida Statutes, 1941, under which the taxes are imposed, are unconstitutional insofar as they apply to the postage stamp vending machines operated by the plaintiff, for the reason that such sections unjustly discriminate against such machines by classifying them with other machines of a different character, and that the tax imposed under the sections of the statute is so burdensome, arbitrary, oppressive and unreasonable that it substantially deprives the plaintiff of his right to earn a livelihood without due process of law.

The defendants filed their motions to dismiss the bill of complaint on the grounds, among others, that the bill was without equity, and on October 18, 1947, the Court granted the

motion and dismissed the bill. The plaintiff has taken an appeal from that order.

Our attention has been called to the fact that after the institution of suit but before the entry of the order appealed from, the Legislature of Florida enacted chapter 23740, Laws of Florida, 1947, exempting postage stamp vending machines of the class and character here involved from further taxation. It is suggested by one of the parties to this appeal that the appeal has become moot by virtue of the enactment of the above law.

We do not understand that the enactment of chapter 23740, supra, had the effect of rendering moot the appeal which came to us after the passage of the statute by reason of the entry of the order sustaining the motions to dismiss the bill of complaint. In the bill of complaint the plaintiff sought relief against license taxes already imposed and due and payable as of October 1, 1946 for the tax year 1946-1947. Chapter 23740, supra, could not apply to the license taxes past due and payable at the time of its passage, for it makes no attempt to invalidate or cancel any license taxes legally due and payable prior to the date of its enactment.

As to such taxes, it is our opinion that the bill of complaint states no grounds for relief. The power to impose the license tax complained of was in the legislature and we cannot say that the tax was discriminatory or was so arbitrary or oppressive as to amount to a denial of due process, equal protection of the laws, or other constitutional property right of the plaintiff. See Rackley v. Stoutamire, 132 Fla. 33, 180 So. 375.

No question is before us as to the power or authority of the taxing officials to impose and collect license taxes on the machines involved for taxing years subsequent to the enactment of chapter 23740, supra, and we think it fair to assume that no attempt will be made to impose such taxes in the face of the 1947 statute which forbids the imposition of license taxes on the use of such machines after its passage.

From the conclusions reached it follows that we should now recede from the opinion and judgment heretofore rendered reversing the order appealed from, and that the order brought here for review should stand affirmed.

It is so ordered.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.

HOBSON, J., not participating.