PER CURIAM.
This is an appeal from a final decree in which the chancellor found and adjudicated that § 205.63, Fla.Stat., F.S.A.,[1] although constitutional on its face, was being applied in an unconstitutional and discriminatory manner to the appellee. The decree enjoined the appellant from attempting to collect a license tax from the appellee and persons similarly situated and mandatorily required the issuance of a license to the appellee under § 205.53, Fla.Stat., F.S.A. The appellee operated a self-service laundromat with with some twenty-one washing machines and six dryers, each of which is activated by the insertion of a coin in a slot attached to the machine. Other self-service laundromats, using the same type of machine, activate the machine manually rather than by the insertion of a coin in a slot.
The appellant contends that the license tax required by § 205.63, supra, is applicable *123 to the appellee’s coin-operated laundry-machines. The contention appears to be based primarily upon the language of the statute. The appellee, on the other hand, contends that the statute is not applicable and was not intended by the legislature to apply in the circumstances here. The chancellor found as follows:
“ * * *. The Court feels that the statute was not intended to apply to the situation presented in this cause, although the strick technical wording of it would appear to cover this situation; it is discriminatory as applied to this situation and it appears to the Court not to be equitable to impose a different tax on the same type of business which [sic] identical in all respects with the exception of the method by which the money is collected. This Court feels that the statute was not intended to be applied to a legitimate business such as is involved herein and cause such an inequity and such an inequality of treatment because of the method by which the money is collected.”
It is apparent the basis for the holding of the chancellor is that the tax was applied to some and exempted others engaged in identically the same business. Yet, in this case, we are concerned with the application of the unambiguous wording of a statute which is the expression of the legislative will of the state. The substance of the chancellor’s holding is that the classification for the tax is unreasonable.
 The Supreme Court of Florida has upon two occasions upheld the classification for the tax imposed by this section: Rackley v. Stoutamire, 132 Fla. 33, 180 So. 375, which involved the dispensing of nuts by coin-operated machines, and Harrell v. Schleman, 160 Fla. 544, 36 So.2d 431, which involved the dispensing of postage stamps by a coin-operated machine. A machine, actuated by a coin deposit, which performs a service of value is as clearly within the statute as a machine which dispenses valuable merchandise. Cf. Pellicer v. Sweat, 131 Fla. 60, 179 So. 423. It is also apparent that the tax may be imposed upon coin-operated laundry machines, notwithstanding no such tax is imposed upon machines providing the same service manually.
It is not, therefore, necessary to review the basis for the classification. See cases collected at 151 A.L.R. 1195.
Reversed.
PEARSON and CARROLL, CHAS., JJ., concur.
HORTON, C. J., dissents.

. “Vending machines — Every person who operates for profit any machine, contrivance, or device which is set in motion or made or permitted to function by the insertion of a coin or slug, shall pay a license tax of five dollars for each machine, contrivance, or device; provided that when any merchandise vending machine is located in and operated only in a place of business for which a license has been duly issued for trading, buying, bartering, serving or selling tangible personal property under this or other law of this state the license tax thereon shall be two dollars for each machine, contrivance, or device; provided that when any machine, contrivance or device as described herein operates by the insertion of a penny, the license thereon shall be fifty cents for eacli machine, contrivance, or device. This section shall license all coin operated machines, contrivances or devices operated for amusement and that do not dispense any form of prize or reward, but shall not be construed to authorize the use of any machine, contrivance or device for gambling or as a game of chance. No license shall be required on coin operated parcel checking lockers and toilet locks, used in railroad, bus, airport stations, or depots, and in hotels, boarding houses, restaurants and restrooms for the convenience of and in rendering service to the public, nor on penny operated vending machines located in licensed places of business and dispensing only nuts, citrus juice and other food products.”