395 So.2d 255 (1981)
Lester D. CURLESS and Alba J. Curless, His Wife, Appellants,
v.
The COUNTY OF CLAY, a Body Politic of the State of Florida and the Clay County Zoning Commission, a Political Subdivision of the State of Florida, Appellees.
No. VV-102.
District Court of Appeal of Florida, First District.
March 13, 1981.
*256 David B. Lee, Jr., of Scruby, Lee, Cobb & Waite, Orange Park, for appellants.
William A. Wilkes of Anderson, Wilkes & McAnnally, Green Cove Springs, and John Kopelousos, Orange Park, for appellees.
JOANOS, Judge.
The appellants, Lester and Alba Curless, seek review of an order of the Circuit Court which upheld the decision of appellees, Clay County and Clay County Zoning Commission, to deny the Curlesses' rezoning application. The trial judge determined that the rezoning question was "fairly debatable" and that the constitutional challenges made by the Curlesses did not need to be decided. We affirm the order, in part, but remand the case for a determination of the merits of the constitutional issues that were raised.
In 1973 the Clay County Commission enacted Ordinance 73-1 which altered the procedure by which rezoning applications were processed. The old zoning map was maintained, but a new appointed body, known as the Zoning Commission, was created with the authority to approve or deny rezoning requests and to amend county zoning regulations. A party aggrieved by a decision of the Zoning Commission had the right to appeal to the Clay County Commission which would in turn conduct a review of the record.
Lester and Alba Curless approached the Zoning Commission in 1976 with a request to rezone their land located near Doctor's Lake on U.S. 17 from RB-residential to BA-business. They intended to build a small convenience store on the property. The Zoning Commission denied their application. The Curlesses appealed to the Clay County Commission, which upheld the Zoning Commission and denied the petition. The Curlesses then filed a complaint in Circuit Court seeking injunctive and declaratory relief.
The complaint alleged, among other things, that the failure to rezone the subject property was arbitrary, capricious and confiscatory in nature. Additionally, the Curlesses charged that Ordinance 73-1, under which the Zoning Commission was created, was unconstitutional because it delegated legislative authority to rezone land to an appointed, non-legislative body and because it was at variance with general law (Chapter 163, Florida Statutes). The trial judge refused to rule on the constitutional issues, stating that it was unnecessary to broach the constitutional questions because the decision not to rezone the land was fairly debatable. On denial of the Curlesses' request for rehearing relating to the constitutional issues, the judge again refused to rule, but he noted that his refusal was grounded on the view that questions regarding the validity of Ordinance 73-1 were moot because shortly before trial Ordinance *257 73-1 had been repealed and replaced by a new ordinance, Ordinance 79-16.
One of the several points raised by the Curlesses on appeal challenges the trial judge's decision that the denial of their rezoning request was not arbitrary or capricious. In finding that the rezoning question was fairly debatable and not subject to alteration by the court, the trial judge used the proper standard. Because zoning is a legislative function, the court should avoid taking action in that area except when the zoning authority's decision was so arbitrary or unreasonable as to constitute a confiscation of property. Town of Hialeah Gardens v. Hebraica Community Center, Inc., 309 So.2d 212 (Fla.3d DCA 1975). See also City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969). The judge's conclusion that the zoning question was fairly debatable was based upon evidence, including expert testimony, taken at a full hearing, and after reviewing this evidence we find no error in the judge's decision on that point.
Each of the other issues raised by the Curlesses on appeal attack the constitutionality of various portions of Ordinance 73-1. They argue that the ordinance improperly delegates legislative authority to the Zoning Commission, an appointed body, and that the ordinance is unconstitutional insofar as its provisions are inconsistent with Chapter 163, Florida Statutes. In response to these arguments, appellee observed that the trial court never reached the merits of the constitutional questions; therefore, the principal issue that this court must deal with is whether or not the trial judge erred by refusing to rule on the constitutionality of Ordinance 73-1. We agree with appellee's approach to the issues.
The trial judge offered two explanations for his refusal to rule on the constitutional questions. In his initial order, he reasoned that it was not necessary to reach those issues because he was able to rule on "other grounds." The "other ground" cited by the trial judge was his decision that the rezoning question was "fairly debatable" which led to the judge's ruling that the Curlesses were entitled to no relief. Because the Curlesses would be entitled to some relief if Ordinance 73-1 were, in fact, unconstitutional, the trial judge's application of the policy to avoid a determination on the constitutional validity of a legislative enactment by relying on non-constitutional grounds is inappropriate. The policy emanates from the judicial deference to the legislative branch of government, not from any jurisdictional bars like the "case or controversy" requirement of the Federal Constitution. Sheldon v. Powell, 99 Fla. 782, 128 So. 258 (1930). Courts generally will not rule on the constitutionality of a statute or ordinance if such a ruling is not necessary to the outcome of the case; for example, when the relief requested may be granted on non-constitutional grounds. See, e.g., Singletary v. State, 322 So.2d 551 (Fla. 1975); Peoples v. State, 287 So.2d 63 (Fla. 1973); North American Co. v. Green, 120 So.2d 603 (Fla. 1960); Rogers v. State Board of Medical Examiners, 371 So.2d 1037 (Fla. 1st DCA 1979). Where, as here, the "other grounds" do not favor the party raising the constitutional issues, however, it is necessary for the court to determine whether or not the challenged statute or ordinance is constitutional.
As a second ground for avoiding the constitutional issues, the trial judge stated in his order denying rehearing that the constitutional validity of Ordinance 73-1 was a moot issue because that ordinance had been repealed and replaced before trial by Ordinance 79-16. In finding that the constitutional issues were moot, the trial judge again ignored the policy reasons behind the court's general avoidance of constitutional questions when decisions on them are not necessary. Like the policy of avoiding constitutional issues if a decision can be reached on other grounds, the rationale for not ruling on a moot issue is that such a ruling would have no effect on the ultimate outcome of the case. See generally, 3 Fla.Jur.2d Appellate Review *258 § 287.[1] Ordinarily, when a challenged statute or ordinance has been repealed, the question of its validity becomes moot because nothing can be accomplished by ruling unconstitutional a statute or ordinance which is no longer in effect. See Board of Public Instruction v. Budget Commission of Orange County, 249 So.2d 6 (Fla. 1971); Board of Public Instruction v. NAACP, 210 So.2d 713 (Fla. 1968). If the ultimate relief under such a situation would be to declare the statute unconstitutional and void, the courts would only be voiding a statute which has already been voided by repeal.
An issue does not become moot, however, if the effect of not deciding the issue differs from the relief that might be granted by ruling on the issue. See, e.g., Harrell v. Schleman, 160 Fla. 544, 36 So.2d 431 (1948). Although the Curlesses seek to have a repealed ordinance declared invalid, which might ordinarily make the issue moot, such a ruling would also have the effect of nullifying the Zoning Commission's denial of the rezoning application and would entitle the Curlesses to a de novo hearing under the new ordinance. If the trial Court's order is allowed to stand, (without a determination on the constitutionality of Ordinance 73-1) the decision that was reached by the Zoning Commission on the Curlesses' rezoning application is res judicata and will foreclose an attempt by the Curlesses to seek rezoning of the same property on the same grounds. Under Florida law, the doctrine of res judicata applies to administrative zoning decisions unless it is shown that there has been a substantial change of circumstances since the earlier ruling. Metropolitan Dade County Board of County Commissioners, 231 So.2d 41 (Fla.3d DCA 1970). Because the Curlesses will still suffer prejudice from their proceedings under Ordinance 73-1, the constitutional validity of that ordinance is not moot, despite its repeal by a later ordinance.
The order is affirmed with respect to the determination that the zoning decision was fairly debatable. The trial judge's finding that a ruling on the constitutional issues was unnecessary is reversed and the case is remanded for consideration of those issues.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] Under some circumstances, a court may decide a question that no longer affects the parties because the question presents matters of great public importance. Plante v. Smathers, 372 So.2d 933 (Fla. 1979).