PER CURIAM.
This appeal challenges a final order of the Department of Health and Rehabilitative Services (HRS) granting appellee, West Boca Raton Artificial Kidney Center, a Certificate of Need (CON) for the operation of a free standing hemodialysis facility. Due to the enactment of section 381.-706(l)(c) Fla.Stat. (1987), which became effective October 1,1987, a CON is no longer required for the operation of an artificial kidney center. Therefore, we dismiss this appeal as moot.
Appellant objects to dismissal, arguing that this court should now decide what is a purely academic question because, if the decision is in appellant’s favor, it will be entitled to attorney’s fees under section 120.57(l)(b)10 Fla.Stat. (1986 Supp.) Section 120.57(l)(b)10 authorizes granting an attorney fee if “the agency action which *1115 precipitated the appeal was a gross abuse of the agency’s discretion.”
It is doubtful that the mere possibility of an award of attorney’s fees is a sufficient interest to overcome the fundamental appellate principle that cases will be dismissed as moot when, due to a change in circumstances, an actual controversy no longer exists. Compare Burch v. Polynesian Villas Condominium, 491 So.2d 1264 (Fla. 4th DCA 1986); Del Valle v. Biltmore II Condominium Association, 411 So.2d 1356 (Fla. 3d DCA 1982). However, we need not decide the question here. We have examined the record, the initial brief, and appellant’s arguments in opposition to dismissal, and find that even assuming appellant would have been successful had the case been disposed of on the merits, appellant would not be entitled to an award under section 120.57(l)(b)10. In spite of the vehemence with which appellant expresses its opinion to the contrary, the agency action which precipitated this appeal did not constitute a gross abuse of discretion. It follows that a decision in this case would have no practical effect on the parties, and therefore the appeal is moot. Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943).
Accordingly, this appeal is dismissed.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.