634 So.2d 663 (1994)
I.G. FONTE, Jr., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. 93-00947.
District Court of Appeal of Florida, Second District.
February 23, 1994.
Rehearing Denied March 25, 1994.
*664 Carole Joy Barice of Fowler, Barice & Feeney, P.A., Orlando, for appellant.
W. Douglas Beason, Asst. Gen., Counsel, Tallahassee, for appellee.
RYDER, Acting Chief Judge.
I.G. Fonte, Jr. attacks the Department of Environmental Regulation's final order denying him a closure permit by default for his waste tire site. Because the Department erred in rejecting the hearing officer's factual conclusion, the order is reversed and remanded for the issuance of a default closure permit. Preliminarily, this court denied the Department's motion to dismiss the appeal because the State has a right to assert a lien on the real property on which the waste tire site is located equal to the estimated cost to bring the site into compliance. § 403.709(4), Fla. Stat. (1991). "[A]n otherwise moot case will not be dismissed if collateral legal consequences that affect the rights of a party flow from the issue to be determined." Godwin v. State, 593 So.2d 211 (Fla. 1992). Thus, we turn to the merits of the case.
Mr. Fonte, the owner of a waste tire site near Orlando, attended the Department's meeting in Tallahassee regarding the Solid Waste Act of 1988, chapter 403, Florida Statutes (1988). The act required persons who had waste tire sites to notify the Department by April 1, 1989, and also established the Waste Tire Fund into which all persons purchasing new tires contribute $1.00 towards the costs of disposal and cleanup of existing waste tire sites. At the meeting, the Department distributed notification forms and explained what was essentially an amnesty program whereby it would use monies from the Waste Tire Fund to remove tires from sites where the owner lacked financial capability. Mr. Fonte informed the Department at that time that he did not have the resources to remove the tires from his site.
On March 27, 1989, Mr. Fonte completed and submitted a Waste Tire Site Notification Form to the Department's Orlando district office. His attorney subsequently filed an application for a waste tire site closure permit. On the same date he filed his permit application, the Department entered a memo in his file indicating that such sites were to be "placed in limbo" pending further agency decisions on site prioritization and funding. Mr. Fonte never received notice of this memo or the Department's decision to defer action on his permit application. On August 8, 1989, the Department requested information regarding his permit application. He responded in writing to this request on August 17, 1989. The Department contends that it sent him a follow-up letter on August 30, 1989, requesting additional information. Mr. Fonte denies that he ever received the second letter. His attorney did not receive the second letter, and the Department stipulates that it never sent the letter to her. It *665 was the Department's normal practice to mail letters requesting additional information to the applicant's attorney. The Department's next action was a handwritten notation made by the Department on a permit tracking sheet dated October 23, 1989, stating, "let's do something." On April 9, 1991, the Department sent Mr. Fonte a letter requesting that he withdraw his permit application. He refused to do so. The Department denied the permit application on June 12, 1991, based upon the applicant's failure to respond to the alleged August 30, 1989 letter requesting additional information.
Mr. Fonte requested a formal administrative hearing at which he contested the notice of permit denial on the ground that he was entitled to a default permit by operation of sections 120.60 and 403.0876(2), Florida Statutes (1991). The hearing officer's recommended order made a finding that the Department failed to timely act to deny the petitioner's permit application and that the Department should have summarily denied the application when the additional information was not received. She decided that the issue was moot because the waste tire rule required site closure by July 1, 1990, and Mr. Fonte still lacked the financial ability to remove the waste tires from the site. Thus, she recommended dismissal of the petition despite the Department's failure to timely act.
The State removed the tires and closed the site in early 1993. Subsequently, on February 24, 1993, the Department entered its final order rejecting the hearing officer's finding that the agency had failed to timely act on the permit application and the conclusion of law that the agency was therefore subject to the default provisions, but for the July 1, 1990 deadline. The Department accordingly dismissed the petition and denied the permit application. This appeal ensued.
Appellant contends he is entitled to a default permit and that its issuance is not moot. We first address the entitlement to a default permit.
The hearing officer reached a "conclusion of law" that the Department failed to timely act to deny the permit application. We conclude that this finding is one of fact because it is a finding in a factual realm concerning which the agency may not rightfully claim special insight, and was determinable by ordinary methods of proof. The issue was simply the weight or credibility of witnesses. See Leapley v. Board of Regents, 423 So.2d 431 (Fla. 1st DCA 1982). "An agency may not reject or modify the findings of fact of the hearing officer unless the agency first determines from a review of the complete record that the findings of fact were not based upon competent, substantial evidence." National Industries, Inc. v. Comm'n on Human Relations, 527 So.2d 894, 897 (Fla. 5th DCA 1988). The obligation of the agency to honor the hearing officer's findings of fact cannot be avoided by categorizing a finding as a "conclusion of law." National Industries, Inc. at 898. Because we conclude that the hearing officer correctly determined that the Department failed to timely act to deny the permit application, appellant is entitled to the issuance of a default permit pursuant to section 120.60(2), Florida Statutes (1991).
Turning to the mootness issue, we determine that the issuance of a default permit is not moot because the controversy has not been so fully resolved that a judicial determination can have no actual effect. See Godwin, 593 So.2d at 212. Section 403.709(2)(c), Florida Statutes (1989), provided that funds of the Solid Waste Management Trust Fund would be used "[t]o provide funds for removal of tires from an illegal waste tire site when the site owner is financially incapable of complying with the law." After Mr. Fonte made application for the waste tire closure permit and while he was awaiting approval from the Department, chapter 90-332, Laws of Florida, amended section 403.709, to, inter alia, impose a forty per cent (40%) limit on amounts expended under section 403.709(2)(c) and to add paragraphs (3) and (4). Sections 403.709(3) and (4), Florida Statutes (1990 Supp.), mandated that the Department recoup from site owners all sums expended from the fund to manage an illegal waste tire site and empowered the Department to impose a lien equal to the cost to bring the tire site into compliance, including attorney's fees and court costs. The Department has been *666 silent as to whether it will file a lien in the future, and, therefore Mr. Fonte is still subject to the possibility of a collateral legal consequence.
For the foregoing reasons, we reverse and remand for the entry of a closure permit by default.
DANAHY and PARKER, JJ., concur.