708 So.2d 645 (1998)
Carrie A. LUND, as Personal Representative of the Estate of Ned Lawrence Murtha, Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 96-3868.
District Court of Appeal of Florida, First District.
April 2, 1998.
*646 Sean M. Ellsworth of Mark A. Dresnick, P.A., Miami, for Appellant.
Robert A. Butterworth, Attorney General, Allen R. Grossman, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, Judge.
Carrie Lund, personal representative of the estate of Dr. Ned Murtha, appeals a final order of the Board of Medicine, Agency for Health Care Administration, thereafter superseded by the Department of Health. The Board rejected the hearing officer's recommendation to dismiss an administrative complaint against Dr. Murtha with prejudice, and instead suspended his license to practice medicine until he obtained treatment for alcohol abuse. We decline to reach the issues raised and instead dismiss the appeal on the ground of mootness, as a result of the unfortunate death of Dr. Murtha while the appeal was pending. In so doing, we reject Lund's contention that we should decide the case on the merits for the sole purpose of determining appellant's right to prevailing-party appellate attorney's fees under section 120.595(5), Florida Statutes (Supp.1996).[1] This is an issue of first impression.
The general rule in Florida is that a case on appeal becomes moot when a change in circumstances occurs before an appellate court's decision, thereby making it impossible for the court to provide effectual relief. Montgomery v. Department of Health & Rehab. Servs., 468 So.2d 1014 (Fla. 1st DCA 1985). Courts in other jurisdictions have consistently held that a professional license is personal to the licensee; therefore, if the licensee dies during the pendency of an appeal from a disciplinary action affecting licensure, the action becomes moot. See, e.g., Olson v. Commission for Lawyer Discipline, 901 S.W.2d 520 (Tex.App.1995); Hanna v. New York State Educ. Dep't, 104 A.D.2d 680, 479 N.Y.S.2d 911 (N.Y.App.Div.1984); Cody v. Griesinger, 182 Cal.App.2d 401, 6 Cal. Rptr. 193 (1960).
A generally recognized exception precluding dismissal of an otherwise moot case occurs in situations wherein collateral legal consequences affecting the rights of a party may flow from the issues to be decided. Godwin v. State, 593 So.2d 211, 212 (Fla. 1992). Lund contends that if this court were to reverse the agency's final order, her entitlement to attorney's fees under section 120.595(5) constitutes a collateral legal consequence justifying a decision on the merits.[2] We reject this circular reasoning. The above stated exception applies to cases in which the consequences consist of property, advantages or rights that the appellant would lose as a collateral result of the lower court's decision if the appellate court were to dismiss the appeal and allow the lower court's decision to stand. In such cases, a favorable decision on the merits would protect the party from such adverse collateral consequences. See, e.g., id. (appeal challenging validity of civil commitment order under Baker Act is not moot, even though appellant has already been released, because appellant was still subject to agency lien for costs and fees associated with commitment); Fonte v. Department of Envt'l Reg., 634 So.2d 663 (Fla. 2d DCA 1994) (agency's denial of default closure permit for appellant's waste tire site was not moot, although the state had removed the tires and closed the site, because agency could still impose a lien for the costs incurred with regard to the tire site, unless appellate court *647 determined that appellant was entitled to default permit).
In contrast, Lund did not allege any collateral legal consequences to Dr. Murtha's estate that would ensue from his suspension. Dr. Murtha's obligation to pay fees to his attorney presumably arose from their contractual agreement and was owed regardless of whether the Board of Medicine suspended his license or dismissed the complaint. Instead, Lund hopes to obtain a "collateral legal benefit" that would arise under section 120.595(5) only if the appeal were to be decided in appellant's favor.
If this court were to conclude that this appeal was not moot simply for the purpose of determining whether Lund is entitled to attorney's fees after prevailing on appeal, such decision would be a broad expansion of the concept of "collateral legal consequences." In fact, this court has expressed skepticism regarding such practice in dicta in Boca Raton Artificial Kidney Center, Inc. v. Department of Health & Rehab. Servs., 514 So.2d 1114 (Fla. 1st DCA 1987). In that case, the appellant objected to dismissal of its appeal for mootness, arguing that the court should decide the validity of the final order for the purpose of determining whether it was entitled to attorney's fees for a frivolous appeal under section 120.57(1)(b)(10), Florida Statutes. We stated:
It is doubtful that the mere possibility of an award of attorney's fees is a sufficient interest to overcome the fundamental appellate principle that cases will be dismissed as moot when, due to a change in circumstances, an actual controversy no longer exists.
Id. at 1115. The court did not decide the issue, however, concluding that fees would not be warranted under any result. We now conclude that the possibility of an attorney's fee award under section 120.595(5) is not a collateral legal consequence which would preclude dismissal when the death of a party renders the appeal moot.
Although Dr. Murtha's death terminates the disciplinary proceeding against him, we do not reach the issue of whether this renders him the prevailing party, because the controlling statute at bar, section 120.595(5), unlike the statutes in the cases cited above, requires additional findings on the merits. Section 120.595(5) authorizes an award to the prevailing party only if the court also determines that the appeal was meritless, the agency exhibited a gross abuse of discretion, or the agency improperly rejected or modified findings of fact in the recommended order. Each of these findings would necessitate a determination of the merits, which the doctrine of mootness now precludes us from making.
Under the cases discussed above, Lund is not entitled to prevailing-party attorney's fees on appeal. Accordingly, the appeal is DISMISSED and the motion for attorney's fees denied.
BARFIELD, C.J., and BENTON, J., concur.
NOTES
[1] Section 120.595(5) provides:

APPEALS.When there is an appeal, the court in its discretion may award reasonable attorney's fees and reasonable costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process, or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion. Upon review of agency action that precipitates an appeal, if the court finds that the agency improperly rejected or modified findings of fact in a recommended order, the courts shall award reasonable attorney's fees and reasonable costs to a prevailing appellant for the administrative proceeding and the appellate proceeding.
[2] We reject without comment Lund's alternative contention that this case should be decided on the merits because it involves a matter of great public importance.