PER CURIAM.
Appellant, Donald Gregory Ruck, appeals a final order of the Board of Professional Engineers (“Board”) denying his Application for Licensure by Endorsement, raising four issues on appeal. In each issue, appellant argues a different reason why the Board erroneously denied his application on the ground that the engineering physics program that he completed was not accredited by the Engineering Accreditation Committee of the Accreditation Board for Engineering and Technology (“ABET”) without evaluating the program. He asserts that the Board should have instead evaluated the program pursuant to Florida Administrative Code Rule 61G15-20.007, which provides the standards under which the Board evaluates foreign engineering programs, to which ABET accreditation is not available. As appellant concedes, because the Board has now reviewed the program pursuant to that rule, this appeal has been rendered moot. See Lund v. Dep’t of Health, 708 So.2d 645, 646 (Fla. 1st DCA 1998) (“The general rule in Florida is that a case on appeal becomes moot when a change in circumstances occurs before an appellate court’s decision, thereby making it impossible for the court to provide effectual relief.”). As we did in Lund and for the reasons stated therein, we reject appellant’s argument that we should decide the case on the merits for the sole purpose of determining his right to attorney’s fees pursuant to section 120.595(5), Florida Statutes. See 708 So.2d at 646-47.
Accordingly, we DISMISS the appeal as moot and deny appellant’s motion for attorney’s fees and costs.
KAHN, BENTON, and LEWIS, JJ., concur.