IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GERARDO CASTIELLO,

     Petitioner,

v.

FLORIDA DIVISION OF
ADMINISTRATIVE HEARINGS;
FLORIDA OFFICE OF THE
JUDGES OF COMPENSATION
CLAIMS; and FLORIDA
STATEWIDE NOMINATING
COMMISSION FOR JUDGES OF
COMPENSATION CLAIMS,

     Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-2722

**CORRECTED PAGE: pg 2**
**CORRECTION IS UNDERLINED IN RED**
**MAILED: October 12, 2017**
**BY: KR**

Opinion filed October 11, 2017.

Petition for Writ of Mandamus -- Original Jurisdiction.

David M. Caldevilla of de la Parte & Gilbert, P.A., Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General, and Jonathan A. Glogau, Chief, Complex Litigation, Tallahassee, for Respondents.

PER CURIAM.

     Gerardo Castiello petitioned this court for writ of mandamus (1) to compel the Division of Administrative Hearings (DOAH) to assign an administrative law judge in his two pending administrative cases—a section 120.57(1), Florida Statutes, case and

an unadopted rule challenge case—and (2) to compel the Office of Judges of Compensation Claims (OJCC) to take action on the petition to initiate rulemaking he filed under section 120.54(7), Florida Statutes. Subsequent to the filing of the mandamus petition, DOAH's chief judge designated a hearing officer to preside over Castiello's cases pursuant to section 120.65(5), Florida Statutes, and OJCC published a notice of rule development on the subject of Castiello's petition to initiate rulemaking. Based on these actions, we dismiss the mandamus petition as moot. See Ward v. State, 770 So. 2d 206 (Fla. 1st DCA 2000) (dismissing mandamus petition as moot where trial court ruled on the pleading that was the subject of the petition); Lund v. Dep't of Health, 708 So. 2d 645, 646-47 (Fla. 1st DCA 1998) (rejecting argument that court should decide moot appeal on the merits simply because appellant might be entitled to an award of attorney's fees if the appeal was successful); Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985) ("A case becomes moot, for purposes of appeal, where by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief.").

DISMISSED.

WETHERELL, MAKAR, and WINOKUR, JJ., CONCUR.