NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAUREN LINARES, CECILIA LOYOLA, )
JAMES STANLEY, SAMUEL UNGER, )
JACOB UNGER, CATHERINE UNGER, )
JESSICA MAGER, KARL MAGER, )
MARSHA MAGER, AMBER DINICOLA, )
ALEXIS DINICOLA, JOSEPH )
DINICOLA, ALEXA MCPHERON, )
MICHELLE MCPHERON, MICHELLE )
CARVALHO, NOAH RADLE, )
BENJAMIN RADLE, STEPHEN RADLE, )
AJ NESSLER, ANTHONY NESSLER )
and ALISON FAIELLA, )
)
      Appellants, )
)
v. )      Case No. 2D17-1729
)
SCHOOL BOARD OF PASCO )
COUNTY, )
)
      Appellee. )
_____)

Opinion filed September 7, 2018.

Appeal from the Division of
Administrative Hearings.

Sharon Carlstedt Britton and Caroline
Newton Catchpole of Phelps Dunbar
LLP, Tampa, for Appellants.

Dennis J. Alfonso and Knute J. Nathe
of McClain, Alfonso, Meeker & Nathe,
Dade City, for Appellee.

PER CURIAM.

In this appeal, several Pasco County parents and students (Parents) challenged an Administrative Law Judge's determination that the Pasco County School Board validly exercised its delegated legislative authority in approving a change of school attendance boundaries for the 2017-2018 school year (the Attendance Boundary Rule). While this appeal was pending, the Parents also had pending in the trial court a related but separate lawsuit alleging that the School Board had violated Florida's Sunshine Laws during its deliberations on the Attendance Boundary Rule. The Parents prevailed in that lawsuit, and the trial court quashed the Attendance Boundary Rule. The trial court denied the School Board's subsequent motion for rehearing, and the School Board has not appealed.

The challenged rule having been quashed, this appeal is dismissed as moot.[1] See Fla. Citizens All., Inc. v. Sch. Bd. of Collier Cty., 247 So. 3d 720 (Fla. 2d DCA 2018); Lund v. Dep't of Health, 708 So. 2d 645, 646 (Fla. 1st DCA 1998) ("The general rule in Florida is that a case on appeal becomes moot when a change in circumstances occurs before an appellate court's decision, thereby making it impossible for the court to provide effectual relief."); cf. Freni v. Collier County, 573 So. 2d 1054, 1054 (Fla. 2d DCA 1991) (affirming an order denying as moot a temporary injunction to enjoin a referendum regarding a proposed tax where, after denial of the motion, the referendum was held and the appellants' position prevailed).

Dismissed.

VILLANTI, SALARIO, and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[1]It appears that the School Board has since conducted additional proceedings and, based on those, has approved a new change of school attendance boundaries.