# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1748
Lower Tribunal No. 64DER21-12
_____

## School Board of Miami-Dade County, Florida,
Petitioner,

vs.

## Florida Department of Health, et al.,
Respondents.

A Case of Original Jurisdiction – Review of Emergency Rule.

Weiss Serota Helfman Cole & Bierman, P.L., and Jamie A. Cole (Fort Lauderdale), Edward G. Guedes, and Richard B. Rosengarten, for petitioner.

Shutts & Bowen LLP, and Daniel E. Nordby (Tallahassee), Benjamin J. Gibson (Tallahassee), Julissa Rodriguez, and Eric M. Yesner, for respondents.

Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

*UPON MOTION TO DISMISS*

In a dispute underscoring inherent tensions between state control and local self-governance, the School Board of Miami-Dade County, Florida, filed a petition for review of Emergency Rule 64DER21-12, adopted by the Florida Department of Health and then Florida Surgeon General, Dr. Scott A. Rivkees.  The rule was promulgated to address the emergency created by the "increase in COVID-19 infections, largely due to the spread of the COVID-19 delta variant, coinc[iding] with the imminent start of the school year."  47 Fla. Admin. Reg. 3650 (Aug. 9, 2021).  The School Board challenged the portion of the rule that provided "[s]tudents may wear masks or facial coverings as a mitigation measure," but schools must "allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask."  Id. at 3651.  The rule has since been repealed, and the Department, along with the current Florida Surgeon General, Dr. Joseph A. Ladapo, adopted new Emergency Rule 64DER21-15.  47 Fla. Admin. Reg. 4427 (Sept. 23, 2021).[1]  The Department seeks dismissal, contending the instant petition is now moot.  The School Board opposes dismissal, contending collateral legal consequences warrant a retention of jurisdiction

---

[1] The newly adopted emergency rule is the subject of a separate challenge before this court.

2

and a decision on the merits.  For the reasons discussed below, we dismiss the petition.

## BACKGROUND

On August 6, 2021, the Department promulgated Emergency Rule 64DER21-12, entitled "Protocols for Controlling COVID-19 in School Settings."  The rule contained several advisory resolutions, designed to provide "emergency guidance to school districts concerning the governance of COVID-19 protocols in schools." 47 Fla. Admin. Reg. at 3650.  Under the rule, although students were permitted to "wear masks or facial coverings as a mitigation measure," schools were mandated to "allow for a parent or legal guardian of the student to opt-out the student from wearing a face covering or mask." Id. at 3651.

The identified emergency justifying the implementation of the rule was the "increase in COVID-19 infections, largely due to the spread of the COVID-19 delta variant, coincid[ing] with the imminent start of the school year." Id. at 3650.  In this regard, the rule explained, it was "imperative that state health and education authorities provide emergency guidance to school districts concerning the governance of COVID-19 protocols in schools." Id.

Citing "its authority to adopt rules governing the control of preventable communicable diseases in public schools," the Department articulated the

goal of "[encouraging] a safe and effective in-person learning environment for Florida's schoolchildren during the upcoming school year; [preventing] the unnecessary removal of students from school; and [safeguarding] the rights of parents and their children." Id. The rule reflected the opt-out provision was necessary because "[u]nder Florida law, parents have a fundamental right to direct the upbringing, education, health care, and mental health of their minor children and have the right to make health care decisions for their minor children." Id. Further,

> [B]ecause students benefit from in-person learning—it is necessary to immediately promulgate a rule regarding COVID-19 safety protocols that protects parents' rights and to allow for in-person education for their children. Removing children from school poses a threat to developmental upbringing and should not occur absent a heightened showing of illness or risk of illness to other students.

Id. Finally, the Department posited the procedure was fair under the circumstances because,

> [I]n light of the recent rise in COVID-19 cases in Florida and the urgent need to provide COVID-19 guidance to school districts before the upcoming school year commences. Given that a majority of schools will resume in-person learning for the 2021-2022 school year within the next four weeks, there is insufficient time to adopt the rule through non-emergency process.

Id.

After the School Board filed the instant petition, the rule was repealed. The Department and Dr. Ladapo then promulgated Emergency Rule

4

64DER21-12.  Like its predecessor, the newly adopted rule addresses the "Control of COVID-19 in School Settings."  Unlike the former rule, however, Emergency Rule 64DER21-12 expands the rationales for implementation and establishes different safety protocols.

Despite the marked dissimilarities between the two rules, the School Board argues its challenge remains viable because collateral legal consequences, namely attorney's fees, flow from the issue to be resolved, affecting its rights.  See Dep't of Health v. Shands Jacksonville Med. Ctr., Inc., 259 So. 3d 247, 251 (Fla. 1st DCA 2018).  We are not so persuaded.

## ANALYSIS

"Ordinarily, when a challenged [rule is] repealed, the question of its validity becomes moot."  Curless v. County of Clay, 395 So. 2d 255, 258 (Fla. 1st DCA 1981); see also 3 Fla. Jur. 2d App. Rev. § 286 (2021).  That is because, under these circumstances, "a judicial determination can have no actual effect."  Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992).  An exception to this general rule arises, however, where "collateral legal consequences that affect the rights of a party flow from the issue to be determined."  Id.  This exception is narrowly applied to those cases in which a party stands to lose property, advantages, or rights as a collateral result of

the dismissal. Lund v. Dep't of Health, 708 So. 2d 645, 646 (Fla. 1st DCA 1998).

Our sister courts have endorsed the notion that fee entitlement may constitute such a collateral legal consequence. See Mazer v. Orange County, 811 So. 2d 857, 859 (Fla. 5th DCA 2002); Soud v. Kendale, Inc., 788 So. 2d 1051, 1053 (Fla. 1st DCA 2001). Consequently, we turn our analysis to whether, in the instant case, the School Board would have been entitled to recover fees had it prevailed in its challenge.

The School Board contends section 120.595(3), Florida Statutes (2021), authorizes a recovery of fees in these proceedings. As with any statutory analysis, we begin "with 'the language of the statute,'" and, here, because that "language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) (quoting Est. of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992)).

Section 120.595, Florida Statutes, entitled "[a]ttorney's fees," contains several provisions allowing for the recovery of fees in successful challenges to agency action. As expressly provided by the legislature, the applicability of subsection (3) of the statute is limited to "challenges to existing agency rules pursuant to section 120.56(3) and (5)." § 120.595(3), Fla. Stat. In such successful challenges, the appellate court or administrative law judge must

6

award reasonable costs and attorney's fees against the agency, "unless the agency demonstrates that its actions were substantially justified or special circumstances exist which would make the award unjust." Id.

Section 120.56(3) and (5), in turn, provide procedures for one "substantially affected by a rule or a proposed rule" to "seek an administrative determination of the invalidity of the rule." § 120.56(1)(a), Fla. Stat. These avenues differ from the administrative procedures codified in section 120.68, Florida Statutes. Under section 120.68, the district courts review emergency rules "without an intervening administrative challenge to exhaust administrative remedies." Fla. Democratic Party v. Hood, 884 So. 2d 1148, 1151 (Fla. 1st DCA 2004).

Here, the School Board did not challenge the rule through the administrative procedures codified in section 120.56, Florida Statutes. Instead, it sought direct judicial review pursuant to section 120.68, Florida Statutes. As attorney's fees are in derogation of the common law, they "may only be awarded by a court pursuant to an entitling statute or an agreement of the parties," and an entitlement statute must be strictly construed. Dade County v. Pena, 664 So. 2d 959, 960 (Fla. 1995); see Major League Baseball v. Morsani, 790 So. 2d 1071, 1077–78 (Fla. 2001) ("[A] statute enacted in derogation of the common law must be strictly construed and . . . even where

the Legislature acts in a particular area, the common law remains in effect in that area unless the statute specifically says otherwise."); see also Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So. 2d 1131, 1132 (Fla. 1989) ("[T]he mention of one thing in a statute implies the exclusion of those things not expressly mentioned."). Adhering to the plain statutory language, we conclude section 120.595(3) provides no basis for fee entitlement in this proceeding, thus, the repeal of Emergency Rule 64DER21-12 renders the instant petition moot.

Petition dismissed.