DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA HOLLANDER JEDA**, as Personal Representative of the
**ESTATE OF ATTILA E. KOVACS,**
Appellant,

v.

**JOSEPH GERASCI,**
Appellee.

No. 4D20-1920

[November 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 50-2020-GA-000418-XXXX-NB.

Anna Lenchus of Florida Justice Law Group, Boca Raton, Menachem M. Mayberg of Seltzer Mayberg, LLC, Miami, and Michael A. Citron of MAC Legal, P.A., Hollywood, for appellant.

Carol J. Healy Glasgow of Billing, Cochran, Lyles, Mauro, & Ramsey, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

This case began as a petition for expedited judicial intervention for medical treatment, with the health care provider seeking to remove a patient from life-support. The trial court granted the petition. Following the patient's death, the provider has suggested that the appeal of the trial court's order has been rendered moot. We agree. Accordingly, we dismiss the appeal as moot.

**Background**

The petition was filed in August 2020 by Appellee Joseph Gerasci, the Director of Risk Management and Patient Safety Officer for Delray Medical Center. The patient being treated was Attila Kovacs ("the patient"). Appellee's petition asserted that the patient had "executed a Living Will & Designation of Heath Care Surrogate to carry out the provisions of his living will declarations," and alleged that the health care surrogate, Maria

Toth (the patient's mother), had "failed to comply with [the patient's] declarations."

The patient's living will states:

[I]f at any time I am mentally or physically incapacitated and

I have a terminal condition[,] or
I have an end stage condition[,] or
I am in a persistent vegetative state,

and if my attending or treating physician and another consulting physician have determined that there is no reasonable medical probability of my recovery from such condition, I direct that life-prolonging procedures be withheld or withdrawn when the application of such procedures would serve only to prolong artificially the process of dying, and that I be permitted to die naturally with only the administration of medication or the performance of any medical procedure deemed necessary to provide me with comfort care or to alleviate pain.

In conformity with the living will, Appellee's petition declared that the patient's treating physicians had determined the patient had "a terminal condition for which there is no hope of any meaningful recovery" and "lack[ed] the capacity to make his own medical decisions and is a candidate for hospice care." Appellee asked the trial court to "recognize [the patient's] Living Will as a valid instrument and to permit the current healthcare providers at Delray Medical Center to comply with same," notwithstanding the objections of Ms. Toth, the patient's designated health care surrogate.

Following an evidentiary hearing, the trial court granted the petition in an August 27, 2020 order. An appeal of this order was filed by Ms. Toth on the patient's behalf. In the meantime, the trial court granted Ms. Toth's petition for emergency injunction, staying any action by Delray Medical Center. Accordingly, the medical center was prohibited from removing the patient from life support during the pendency of the appeal.

In February 2021, we relinquished jurisdiction to permit the trial court to hear Ms. Toth's verified motion to vacate the 2020 order. The trial court held a second evidentiary hearing and issued a detailed order denying the motion. Subsequently, the parties filed briefs addressing the two trial

court orders.  Two days after the reply brief was filed, the patient passed away.

Appellee has filed a "Suggestion of Mootness," arguing that "[t]he enforcement, revocation, and validity of [the action filed on behalf of the patient] was rendered moot by this death."  The personal representative of the patient's estate responds that the patient's death has not rendered this appeal moot, arguing that the "questions in this fully briefed appeal are of great public importance" and that "this appeal focuses [on] correcting the facts and deterring the methodologies employed by Appellee and its counsel to manipulate the trial court . . . ."

## Analysis

Whether an issue is moot is a question of law subject to de novo review. *See D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003).  "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect."  *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992); *see also O'Boyle v. Town of Gulf Stream,* 257 So. 3d 1036, 1043 (Fla. 4th DCA 2018) ("A moot case will generally be dismissed." (citation omitted)); *Lund v. Dep't of Health*, 708 So. 2d 645, 646 (Fla. 1st DCA 1998) ("The general rule in Florida is that a case on appeal becomes moot when a change in circumstances occurs before an appellate court's decision, thereby making it impossible for the court to provide effectual relief." (citing *Montgomery v. Dep't of Health & Rehab. Servs.*, 468 So. 2d 1014 (Fla. 1st DCA 1985))).

There are several exceptions to the "general rule," *see, e.g., O'Boyle*, 257 So. 3d at 1043; however, none are applicable to the instant case.  As detailed above, Appellee's petition maintained that the patient's condition and the determination of treating and consulting physicians "that there is no reasonable medical probability of [the patient's] recovery from such condition" warranted the withholding of "life-prolonging procedures."  The patient's mother/health care surrogate challenged that conclusion, arguing that the patient did not have a terminal condition.  The trial court twice agreed with Appellee.  The remedy sought by Appellant following the trial court's second order is essentially a third opportunity to block Appellee's petition to withhold life-prolonging procedures.

## Conclusion

Due to the emergency injunction entered immediately after the trial court's 2020 order, the medical center was prohibited from withholding or withdrawing life-prolonging procedures, a prohibition that remained in

effect until the patient passed away.  With the patient's death, the question as to whether the evidence supported Appellee's petition became moot— regrettably, the issue before the court was no longer, to use a phrase from Appellant's briefing, "a life and death matter."  Accordingly, we agree with Appellee and dismiss the appeal as moot.

*Dismissed.*

CONNER, C.J., FORST and KUNTZ, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***