# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0770
Lower Tribunal No. 20-4844BID

_____

## Marsh USA, Inc.,
Appellant,

vs.

## Arthur J. Gallagher Risk Management Services, Inc., etc., and The School Board of Miami-Dade County, Florida,
Appellees.

An appeal from the School Board of Miami-Dade County, Florida.

Greenberg & Traurig, P.A., and David C. Ashburn (Tallahassee), for appellant.

Panza, Maurer & Maynard, P.A., and Elizabeth L. Pedersen, and Virginia C. Dailey (Fort Lauderdale), Walter J. Harvey, School Board Attorney, and Jeff James, Assistant School Board Attorney, Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, and Richard Rosengarten, for appellees.

Before LOGUE, MILLER, and BOKOR, JJ.

PER CURIAM.

<u>*UPON MOTION TO DISMISS*</u>

Appellant, Marsh USA, Inc., challenges a final administrative order by appellee, the School Board of Miami-Dade County, adopting exceptions to a recommended order by an administrative law judge and rejecting an award of a contract pursuant to a request for proposals.  After it issued the challenged order, the School Board reopened the bidding process.  Because Marsh failed to subsequently file a notice of protest in writing within seventy-two hours of the bid reopening and further failed to file a formal written protest, it has waived its right to pursue this appeal.  <u>See</u> § 120.57(3)(b), Fla. Stat. (2021) ("[T]he notice of protest shall be filed in writing within [seventy-two] hours after the posting of the solicitation.  The formal written protest shall be filed within [ten] days after the date the notice of protest is filed.  Failure to file a notice of protest or failure to file a formal written protest shall constitute a waiver of proceedings under this chapter."); <u>see also</u> <u>Lund v. Dep't of Health</u>, 708 So. 2d 645, 647 (Fla. 1st DCA 1998) ("[T]he possibility of an attorney's fee award under section 120.595(5) is not a collateral legal consequence which would preclude dismissal when the death of a party renders the appeal moot."); <u>Ruck v. State, Bd. of Pro. Eng'rs</u>, 956 So. 2d 469, 469 (Fla. 1st DCA 2006) ("[W]e reject appellant's argument that we

2

should decide the case on the merits for the sole purpose of determining his right to attorney's fees pursuant to section 120.595(5), Florida Statutes."). Hence, we dismiss the appeal.

Dismissed.