675 So.2d 223 (1996)
Michael A. BARFIELD, Appellant,
v.
TOWN OF EATONVILLE, et al., Appellees.
No. 95-2715.
District Court of Appeal of Florida, Fifth District.
June 14, 1996.
*224 Victor Lee Chapman of Barrett, Chapman & Ruta, P.A., Orlando, for Appellant.
Joseph Morrell, Orlando, for Appellee.
COBB, Judge.
This appeal is from a final order denying appellant's motion for recovery of attorney's fees and costs in connection with his action brought pursuant to the public records laws, Chapter 119, Florida Statutes.
The Florida Legislature has decreed that "It is the policy of this state that all state, county and municipal records shall be open for personal inspection by any person." § 119.01(1), Fla. Stat. Section 119.12(1), Florida Statutes provides:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
The purpose underlying this section is to encourage public agencies to voluntarily comply with the requirements of Chapter 119, thereby ensuring that the state's general policy is effectuated. New York Times Co. v. PHH Mental Health Services, Inc., 616 So.2d 27 (Fla.1993). Section 119.12(1) authorizes recovery of attorney's fees and costs when the agency unlawfully refuses access to its public records. See News and Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987). An unjustified delay in complying with a public records request amounts to an unlawful refusal under section 119.12(1), Florida Statutes. See, e.g., Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3d DCA 1988).
Application of section 119.12(1) and the relevant case law leads to but one conclusion here, that the appellant was entitled to recovery of attorney's fees and costs. The evidence clearly establishes that it was only after the appellant filed a lawsuit that the documents he had previously sought by written request to the Town were finally turned over to him. Indeed, many of the documents were only turned over after the appellant sought entry of a temporary injunction and a show cause order was directed to the Town.
*225 The Town's defense, that the delay in production of the records was caused by either the intentional wrongdoing or ineptitude of its Town clerk, amounts to an unlawful refusal and is not a valid basis for denying recovery of attorney's fees and costs under section 119.12(1), Florida Statutes. The Town's failure to turn over the documents was not lawful and the appellant is entitled to recovery of his attorney's fees and costs.
We find no merit in the appellant's contention that he was erroneously denied discovery by the trial court in light of the extensive interrogation afforded him at the evidentiary hearing held on August 30, 1994, in connection with his motion for temporary injunction.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in result.