788 So.2d 1051 (2001)
Ginger SOUD, Warren Alvarez, et al., Appellants,
v.
KENDALE, INC., a Florida corporation, Appellee.
No. 1D00-1835.
District Court of Appeal of Florida, First District.
April 26, 2001.
Richard A. Mullaney, General Counsel, Tracey I. Arpen Jr., Deputy General Counsel and Karl J. Sanders, Assistant General Counsel, Jacksonville, for Appellants.
Paul M. Harden, Jacksonville, for Appellee.
POLSTON, J.
We grant the Jacksonville City Council's Motion for Rehearing, withdraw our opinion dated February 27, 2001 ("Per Curiam Dismissed"), and reverse the trial court's temporary injunction. The injunction is reversed for failure to comply with the provisions of Rule 1.610 of the Florida Rules of Civil Procedure.

Background
Appellee Kendale, Inc. applied to the City of Jacksonville for a land use amendment. The appellant Jacksonville City Council approved the amendment and transmitted it to the Florida Department of Community Affairs for a required review. The Department of Community Affairs objected to the amendment.
*1052 The City Council scheduled a final public hearing for May 9, 2000, at 6:00 p.m., during which it would consider the Department's comments and vote on Kendale's amendment. Prior to this public hearing, the General Counsel's Office of the City of Jacksonville requested a closed meeting to discuss the Department's objections. The City Council scheduled this closed meeting, commonly referred to as a "shade meeting," for Tuesday, May 9, 2000, at 3:00 p.m.
On May 8, 2000, Kendale filed a complaint for injunctive relief, a motion for a temporary injunction, and an affidavit in support of the motion for temporary injunction. That same day at 3:00 p.m., the trial court granted Kendale's motion and entered an ex parte injunction.
The trial court's order granting the temporary injunction made the following findings:
1. Plaintiff will suffer immediate and irreparable harm, loss or damage for which there is no adequate remedy at law, if the temporary injunction is not immediately entered prohibiting the City Council of the City of Jacksonville from holding a "Shade Meeting" of the City Council.
2. This injunction is necessary because the City Council of the City of Jacksonville intends to hold a "Shade Meeting" on May 9, 2000 at 3:00 p.m., pursuant to a letter issued by Ginger Soud, President of the City Council on May 4, 2000. This meeting is in violation of Florida Statutes § 286.011.
3. The entry of the temporary injunction will serve the public interest including the public interest that all actions of the City of Jacksonville be taken in public meetings.
4. There is a substantial likelihood that Plaintiff will prevail on the merits of this action.
The order then states, among other things, that "[t]he members of the Jacksonville City Council and each of them individually are hereby enjoined from participating in the "Shade Meeting" of the City Council scheduled for May 9, 2000 at 3:00 p.m."
The trial court scheduled a hearing on the matter for 10:30 a.m. on May 9, 2000 to allow consideration of the matters, including any objections to the temporary injunction that might be raised. No appearances were made on behalf of the Council at the May 9, 2000 trial court hearing. The Council elected to appeal the trial court's injunction, asserting that both the motion seeking the injunction and the trial court's ruling were deficient under Rule 1.610 of the Florida Rules of Civil Procedure.

Temporary Injunction
A temporary injunction without notice is an extraordinary remedy that should be granted sparingly. State v. Beeler, 530 So.2d 932, 933 (Fla.1988). Florida Rule of Civil Procedure 1.610, relating to the procedural and content requirements for injunctions, must be followed. United Farm Workers of America, AFL-CIO v. Quincy Corporation, 681 So.2d 773, 776-777 (Fla. 1st DCA 1996).
A temporary injunction must be based on a showing of the following criteria: (1) a likelihood of irreparable harm, (2) no adequate remedy at law, (3) a substantial likelihood of success on the merits, and (4) a consideration of the public interest. City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994). Also, clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions. Id. at 754. Conclusory statements will not suffice. Id. at 753.
*1053 Although the trial court's ruling appears to be conclusory without sufficient factual findings, we need not reach that determination. We reverse because Kendale and the trial court failed to comply with the requirements of Rule 1.610(a) for seeking and granting a temporary injunction without notice.
Rule 1.610(a)(1) states in pertinent part that a "temporary injunction may be granted without written or oral notice to the adverse party only if: ... (B) the movant's attorney certifies in writing any efforts that have been made to give notice; and (C) the reasons why notice should not be required." In order to obtain the injunction, Kendale filed a complaint for injunctive relief, a motion for a temporary injunction, and a sworn affidavit made by Kendale's Vice President in support of the motion for a temporary injunction. None of those documents mention any effort on Kendale's part to notify the Council members or why notice was not required.
Furthermore, Rule 1.610(a)(2) mandates that every temporary injunction granted without notice must explain why notice was not granted. The temporary injunction issued by the trial court provides no explanation concerning why notice was not granted.
The lack of notice could have been excused if Kendale's complaint for injunctive relief and motion for a temporary injunction had demonstrated: (1) how and why providing notice to the city council would accelerate the potential harm, or (2) that the time required to provide notice would have allowed the threatened harm to occur. See City of Boca Raton v. Boca Raton Airport Authority, 768 So.2d 1191 (Fla. 4th DCA 2000)(reversing an ex parte, temporary injunction because there was no reason the city attorney could not have been notified by telephone of an expedited hearing). However, Kendale's complaint and motion made no allegations of that nature.
We reverse the trial court's injunction. See County of Orange v. Webster, 503 So.2d 988, 989 (Fla. 5th DCA 1987)(reversing an order granting a temporary injunction because the appellee completely failed to comply with Florida Rule of Civil Procedure 1.610).
At oral argument, the parties stipulated that the City has acted on the merits of Kendale's amendment so that the controversy which precipitated this litigation is now moot. Accordingly, we dismissed the action.
However, as the Council points out in its motion for rehearing, an otherwise moot case will not be dismissed if there are collateral legal consequences affecting the rights of the parties. Godwin v. State, 593 So.2d 211, 212 (Fla.1992). The Council argues that dismissal is precluded because Kendale is now seeking attorney's fees at the trial court pursuant to section 286.011(4), Florida Statutes (2000)(granting attorney's fees when a defendant acts in violation of the Sunshine Act). We agree that this collateral legal consequence is an exception to dismissal of the case, and grant the Council's timely motion for rehearing.[1]
Reversed and Remanded.
BENTON and PADOVANO, JJ., concur.
NOTES
[1] We distinguish Lund v. Department of Health, 708 So.2d 645 (Fla. 1st DCA 1998), which held that the possibility of an award of attorney's fees to a prevailing party was not a collateral legal consequence that would preclude dismissal of a moot appeal. In the case before us, the award of fees against the Council is not as speculative and is more than a lost opportunity to potentially recover fees.