811 So.2d 857 (2002)
Jeffrey MAZER, d/b/a Ramona's Paradise Inn, Appellant,
v.
ORANGE COUNTY, Florida, etc., Appellee.
No. 5D01-1163.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
David A. Wasserman, Winter Park, for Appellant.
Joel D. Prinsell, Senior Assistant County Attorney, Orange County Attorney's Office, Orlando, for Appellee.

ON MOTION FOR REHEARING
SAWAYA, J.
Based on the Appellee's motion for rehearing and pursuant to the order granting rehearing dated January 22, 2002, we withdraw our previous opinion dated December 14, 2001, and substitute the following opinion in its stead.
Jeffrey Mazer appeals the order dismissing his petition for writ of mandamus. Mazer contends that the trial court erroneously determined the case was moot and thus erroneously denied his motion for attorney's fees. The only issue before us is the mootness issue. We reverse.
*858 Mazer's petition explains that he submitted a public records request to the Orange County Building Department seeking information regarding procedures which must be followed for demolition of a building. Mazer and his attorney attended a subsequent inspection of the requested documents and marked several documents for copying, including the Unsafe Building and Abatement Code (the Code) which Orange County had adopted by reference as "the law relative to unsafe building abatement in Orange County...." This Code was identified by Orange County as the law by which it had demolished Mazer's building. When he went to pick up his requested copies, Mazer discovered that a copy of the Code was not included. He was subsequently advised by Orange County that it had no extra copies of the Code for distribution or sale and that federal copyright law prohibited the County from making a photocopy of the entire Code for Mazer.
Mazer contends in his mandamus petition that he is in need of the Code to attach to his amended complaint in a judicial proceeding. He asked that Orange County be ordered to provide the Code and further sought attorney's fees for bringing the petition, citing section 119.12, Florida Statutes (1999). The trial court ordered Orange County to respond within twenty days, but subsequently granted Orange County's request for an extension of time to file the response. The day before the response was due, Orange County wrote Mazer that it had recently purchased extra copies of the Code from the publisher and, based upon his previous request, Mazer could purchase a copy at cost. The next day, Orange County filed its response and argued that mandamus was not appropriate because, inter alia, Mazer had no clear legal right to a photocopy of the Code where, by federal law, copyright issues prevented Orange County from photocopying the Code. Orange County pointed out, too, that it had already provided Mazer with a copy of the Code that it had ordered from the publisher.
Mazer filed a response wherein he argued the merits of the copyright issue and asserted that his petition was not moot because the issue was capable of repetition. Most importantly to the instant appeal, Mazer reiterated his request for attorney's fees.
The circuit court, sitting in a three-judge panel, dismissed Mazer's petition as moot on the ground that Mazer had received the requested Code. Mazer moved for rehearing or to alter or amend the judgment, arguing that he was entitled to attorney's fees for having to file the mandamus to obtain the requested public records. Orange County filed a response arguing against the award of fees. The trial court denied the motion for rehearing, holding that "Orange County is correct in asserting that an award of attorney's fees would have been appropriate under § 119.12(1) only if this Court had rendered a decision on the merits of the Petition, and held in Petitioner's favor."
Appellate courts have generally allowed direct review of an order dismissing a petition for writ of mandamus. See e.g., Tucker v. Ruvin, 748 So.2d 376 (Fla. 3d DCA 2000); Ponton v. Moore, 744 So.2d 1159 (Fla. 1st DCA 1999); Masiello v. Moore, 739 So.2d 1196 (Fla. 1st DCA 1999); Hensley v. Singletary, 690 So.2d 653 (Fla. 1st DCA 1997); see also Sheley v. Florida Parole Comm'n, 703 So.2d 1202, 1204 (Fla. 1st DCA 1997) ("We acknowledge that if mandamus is used to initiate a new civil action in the circuit court, the resulting final order is subject to review by appeal. Mandamus is an action at law, See State ex rel Mott v. Scofield, 120 So.2d 825 (Fla. 2d DCA 1960), and, as with other actions at law, a final judgment on a complaint for writ of mandamus is reviewable *859 by appeal.") (citations omitted), approved on other grounds, 720 So.2d 216 (Fla.1998). The de novo standard of review is applied when considering an order granting a motion to dismiss. Randles v. Moore, 780 So.2d 158 (Fla. 2d DCA 2001).
Turning now to the merits of Mazer's appeal, section 119.12(1) of the Public Records chapter provides:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
The circuit court reasoned that because section 119.12(1) speaks in terms of a judicial determination of a wrongful refusal to provide a public record as a precedent to a fees award, no award could be made in this case because Orange County had turned over a copy of the Code before a judicial determination had been made on the merits of the petition. We conclude that although the production of the Code rendered moot Mazer's request for the Code, it did not render moot his request for fees.
Generally, a case that has been rendered moot will be dismissed. See Godwin v. State, 593 So.2d 211 (Fla.1992). A case is rendered moot when it no longer presents an actual controversy or when the issues have ceased to exist because they have been "so fully resolved that a judicial determination can have no actual effect." Id. at 212 (citing DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943); Black's Law Dictionary 1008 (6th ed.1990)); see also Martinez v. Singletary, 691 So.2d 537 (Fla. 1st DCA 1997).
At least three instances have been recognized by Florida courts in which a moot case will not be dismissed: 1) when the issues are of great public importance; 2) when the issues are likely to recur; and 3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. Godwin, 593 So.2d at 212 (citing Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978)); Martina v. State, 602 So.2d 1334 (Fla. 5th DCA 1992); see also Swanson v. Allison, 617 So.2d 1100 (Fla. 5th DCA 1993).
The instant case comes within the third exception. The collateral legal consequence here is Mazer's right, vel non, to attorney's fees. See Soud v. Kendale, Inc., 788 So.2d 1051 (Fla. 1st DCA 2001) (holding that a request for attorney's fees pursuant to the statute allowing attorneys fees when a defendant violates the Sunshine Act is a collateral legal consequence that is an exception to dismissal based on mootness); see also Duncan Publ'g, Inc. v. City of Chicago, 304 Ill.App.3d 778, 237 Ill.Dec. 568, 709 N.E.2d 1281 (1999) (holding that after agency produced the records requested under the Freedom of Information Act, the merits of the claim became moot but plaintiff's motion for attorney's fees, which is ancillary to the underlying action, was not moot), appeal denied, 185 Ill.2d 622, 242 Ill.Dec. 136, 720 N.E.2d 1091 (1999).
We find that our decision in Barfield v. Town of Eatonville, 675 So.2d 223 (Fla. 5th DCA 1996), is analogous to the instant case. In Barfield, the plaintiff brought an action pursuant to the public records laws, Chapter 119, Florida Statutes. The plaintiff appealed an order denying his motion for attorney's fees pursuant to section 119.12(1), Florida Statutes. Noting that it was only after the plaintiff filed the lawsuit that he received the requested documents, this court rejected the town's excuse for not turning over the documents in a timely manner and held that the delay in turning over the documents amounted to an unlawful refusal entitling the plaintiff to fees. *860 In analyzing section 119.12(1), this court stated:
The purpose underlying this section is to encourage public agencies to voluntarily comply with the requirements of Chapter 119, thereby ensuring that the state's general policy is effectuated. New York Times Co. v. PHH Mental Health Services, Inc., 616 So.2d 27 (Fla. 1993). Section 119.12(1) authorizes recovery of attorney's fees and costs when the agency unlawfully refuses access to its public records. See News and Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987). An unjustified delay in complying with a public records request amounts to an unlawful refusal under section 119.12(1), Florida Statutes. See, e.g., Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3d DCA 1988).
Id. at 224. Thus, in accordance with the stated public policy considerations imbedded within the provisions of section 119.12(1), the fact that the requested documents were produced in the instant case after the action was commenced, but prior to final adjudication of the issue by the trial court, does not render the case moot or preclude consideration of Mazer's entitlement to fees under the statute.
We find further support for our decision in Puls v. City of Port St. Lucie, 678 So.2d 514 (Fla. 4th DCA 1996). There, as here, after appellants filed suit to obtain public records pursuant to chapter 119, the records were turned over and the circuit court dismissed the lawsuit. The appellate court reversed the dismissal, holding, "Production of the records after the lawsuit was filed did not moot the issues raised in the complaint. We remand for an evidentiary hearing on the issue of whether, under the facts of this case, there was an unlawful refusal of access to the records within the meaning of section 119.12(1), Florida Statutes (1995)." Id. at 514.
Although the court in Puls did not explain why it was important to make the judicial determination as to unlawful refusal, the only logical reason to require it after the documents have been handed over is to provide an avenue for an award of attorneys fees to the public record claimant. Wisner v. City of Tampa Police Department, 601 So.2d 296 (Fla. 2d DCA 1992), supports this conclusion. In Wisner, the appellant filed a petition for mandamus against the city to enforce the public records laws. The court granted the city's motion to dismiss, but gave the appellant the opportunity to obtain the sought-after documents which had been filed as court exhibits. The appellant then filed an amended motion for rehearing and a motion to tax costs pursuant to section 119.12, which the trial court denied. The appellate court reversed, holding that the appellant was entitled to reasonable costs pursuant to section 119.12, even though he had obtained the requested documents, because the appellant had "found it necessary to file a civil action against the City to enforce the provisions of this chapter and the City unlawfully refused to permit the public records to be copied." Id. at 298.
Accordingly, we reverse the trial court's order and remand this case for further proceedings to determine whether Mazer is entitled to fees pursuant to section 119.12, Florida Statutes. We emphasize that we have based our decision solely on the issue of mootness. By this opinion, we do not determine that Mazer is entitled to fees, nor do we determine any collateral issues such as the applicability of copyright law.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.