IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT A. SCHWEICKERT, JR.,

     Appellant,

 v.                                 Case No.  5D15-3007

CITRUS COUNTY FLORIDA BOARD,
ETC., ET AL.,

     Appellees.

_____/

Opinion filed June 17, 2016

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Jonathan D. Kaney, Jr., of Kaney & Olivari,
Ormond Beach, for Appellant.

Michael, J. Roper, and Dale A. Scott, of Bell
& Roper, P.A., Orlando, for Appellees.


EDWARDS, J.

     Robert A. Schweickert, Jr. ("Appellant") argues that the trial court erred in

dismissing with prejudice his amended complaint to enforce public records law on the

ground that the case is moot.  Appellant contends that, even though the Citrus County

Board of County Commissioners ("the Board") produced the records after the complaint

was filed, the trial court erred in dismissing the complaint because an issue remained as

to his entitlement to attorney's fees. We agree and remand for the trial court to determine and award reasonable fees and costs to Appellant.

On June 2, 2014, Brad Thorpe, the County Administrator of the Board, sent a formal letter of complaint ("complaint letter") to the Board regarding County Commissioner Scott Adams' allegedly insulting, unprofessional, and demeaning behavior directed at Thorpe and other county employees. The complaint letter alleged that Adams' behavior resulted in a hostile work environment and forced many senior staff members to resign from their positions.

The complaint letter contained six examples of Adams' allegedly inappropriate behavior: (i) Adams threatened and harassed building officials with regard to a building permit; (ii) Adams failed to follow proper county protocol by contacting various state agencies to ask for investigations of county issues on the basis of rumor and innuendo; (iii) Adams verbally abused staff members and communicated with staff members in a demeaning and unprofessional manner; (iv) Adams authored letters of no confidence without any proof or documentation; (v) Adams disrespected county staff and government employees; and (vi) Adams received several warning letters advising him that he was creating a hostile work environment and that he was failing to follow proper protocol when communicating with staff members. Thorpe attached supporting documentation to the complaint.

On June 17, 2014, the Board hired Dorothy F. Green, a private attorney from Orlando, to investigate the charges made in Thorpe's complaint. On September 11, 2014, Appellant, the publisher of an internet newspaper entitled *Groundhog News*, submitted to Green a public records request, requesting the following:

2

Any notes (written or recorded), emails, faxes, dictations, or other means of correspondence or communication. Any of which has been generated by yourself or your firm as a result of the investigation your firm was hired to complete for [the Board]. Specifically related to the allegations of workplace harassment by Commissioner Scott Adams.

On September 16, 2014, Appellant sent Green a second public records request, seeking all documentation "regarding the Citrus County harassment case [Green's] firm is handling for [the Board]." On the same day, Green responded that she could not provide Appellant with the requested documents. She claimed that the records were exempt under section 119.071(2)(g)1., Florida Statutes (2014). On September 22, 2014, Appellant asked Green to reevaluate her position. In her response, Green reiterated that the records fell under the section 119.071(2)(g)1. exemption. Green, however, indicated that she would "provide copies of [her] notes once the investigation is complete upon request."

On October 2, 2014, Appellant filed a complaint to enforce public records law. The complaint contained two counts. The first count sought a writ of mandamus to compel production of the requested records. The second count sought a declaration that the Board did not respond in good faith to the public records request and that the Board unlawfully denied Appellant access to the requested records. The second count of the complaint also sought a mandatory injunction to require the Board to provide Appellant with copies of the requested records, and sought payment of reasonable attorney's fees.

On October 27, 2014, after suit was commenced, Green provided Appellant with a copy of her report. Thereafter, the trial court granted the Board's motion to quash service of Appellant's initial complaint that was served before the trial court determined if

3

the petition for mandamus required a response from the Board.  The court indicated that leave would be granted if Appellant chose to amend his action for declaratory relief.  On the following day, Appellant filed his amended complaint to enforce public records law, which requested the court to declare that the Board unlawfully denied his request, and which sought an award of attorney's fees and costs.

The Board moved to dismiss the amended complaint on several grounds, including the assertion that Appellant's claim was moot because Appellant had already received Green's report.  The trial court granted the Board's motion and dismissed Appellant's amended complaint with prejudice, finding that it was moot and thus did not state a cause of action. In its order, the court specified that, other than Appellant's attempt to seek attorney's fees, there was no practical need to determine whether the documents initially withheld by Green were exempt under section 119.071(2)(g)1.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect."  *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) (citing *Dehoff v. Imeson*, 15 So. 2d 258, 259 (Fla. 1943)).  "A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist.  A moot case generally will be dismissed." *Id.* (citing *Black's Law Dictionary* 1008 (6th ed. 1900)). "Mootness does not destroy an appellate court's jurisdiction . . . when the questions raised are of general importance or are likely to recur" or if "collateral legal consequences that affect the rights of a party flow from the issue to be determined." *Id.* (alteration in original) (citing *Holly v. Auld*, 450 So. 2d 217, 218 n.1 (Fla. 1984); *Keezel v. State*, 358 So. 2d 247, 248-49 (Fla. 5th DCA 1978)).  Appellant contends that his case is not moot because of

4

the collateral legal consequences flowing from the underlying public records case, i.e., his alleged right to attorney's fees.

In *Mazer v. Orange County*, 811 So. 2d 857 (Fla. 5th DCA 2002), plaintiff "submitted a public records request to the Orange County Building Department seeking information regarding procedures which must be followed for demolition of a building." 811 So. 2d at 858. When plaintiff received the records, the County did not include a copy of the Unsafe Building and Abatement Code because it did not have any extra copies of the Code for distribution and federal law prevented the County from making a copy of the Code for plaintiff. *Id.* Plaintiff filed a mandamus petition, requesting a copy of the Code and additionally sought attorney's fees. *Id.* "The day before [Orange County's answer] was due, [it] wrote [plaintiff] that it had recently purchased extra copies of the Code from the publisher and, based upon his previous request, [plaintiff] could purchase a copy at cost." *Id.* Orange County then moved to dismiss. *Id.* The trial court dismissed the mandamus petition as moot on the ground that plaintiff had received a copy of the Code he requested. *Id.*

This court reversed and concluded that, "although the production of the Code rendered moot [plaintiff's] request for the Code, it did not render moot his request for [attorney's] fees" under section 119.12, Florida Statutes (1999). *Id.* at 859. Section 119.12 provides that, if a plaintiff files an action to enforce the provisions of Chapter 119 and "the court determines that [the] agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award . . . the reasonable costs of enforcement including reasonable attorneys' fees." § 119.12, Fla. Stat. (2014). "The purpose underlying [section 119.12] is to encourage public agencies to voluntarily comply

5

with the requirements of Chapter 119, thereby ensuring that the state's general policy is effectuated." *Mazer*, 811 So. 2d at 860 (citation omitted) (quoting *Barfield v. Town of Eatonville*, 675 So. 2d 223, 224 (Fla. 5th DCA 1996)). "An unjustified delay in complying with a public records request amounts to an unlawful refusal under" the section. *Id.* (citation omitted) (quoting *Barfield*, 675 So. 2d at 224).

In *Mazer,* this court held that plaintiff's case was not rendered moot because the trial court did not make a determination as to whether Orange County's withholding of the record until after the suit was filed was unlawful. *Id.* The case was remanded "for further proceedings to determine whether [plaintiff was] entitled to fees pursuant to section 119.12, Florida Statutes." *Id.*; *see also Puls v. City of Port St. Lucie*, 678 So. 2d 514, 514 (Fla. 4th DCA 1996) (*"*Production of the records after the lawsuit was filed did not moot the issues raised in the complaint. We remand for an evidentiary hearing on the issue of whether, under the facts of this case, there was an unlawful refusal of access to the records within the meaning of section 119.12(1), Florida Statutes (1995)."). We agree that Appellant's case was not rendered moot simply because the Board produced the requested documents after the filing of the initial complaint, but prior to filing the amended complaint.

The Board asks us to uphold the dismissal with prejudice of the amended complaint under the "tipsy coachman" doctrine which "allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.'" *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (footnote omitted) (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644-45 (Fla. 1999)). The Board argues that Green was justified

in initially withholding the documents claiming they were exempt from immediate production under section 119.071(2)(g)1. The section provides as follows:

> All complaints and other records in the custody of any agency which relate to a complaint of discrimination relating to race, color, religion, sex, national origin, age, handicap, or marital status in connection with hiring practices, position classifications, salary, benefits, discipline, discharge, employee performance, evaluation, or other related activities are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until a finding is made relating to probable cause, the investigation of the complaint becomes inactive, or the complaint or other record is made part of the official record of any hearing or court proceeding.

§ 119.071(2)(g)1., Fla. Stat. (2014). The Board argues that, since Thorpe's complaint purported that Adams' alleged misconduct created a "hostile work environment," Green might have discovered or generated records during her investigation which related to discrimination based upon race, color, religion, sex, national origin, handicap or marital status, and would, thus, be exempt under section 119.071(2)(g)1. Accordingly, the Board asserts that Green's delay in providing the records until the investigation was completed was not an unlawful refusal to permit inspection of public records which would subject the Board to payment of Appellant's attorney's fees and costs under section 119.12. In essence, the Board urges that we adopt a "wait and see" policy which would exempt immediate inspection of public records if the scope of the investigation might lead to the discovery or creation of exempt documents.

Before we dispose of the Board's tipsy coachman argument, we note that both parties agreed and requested this court to rule as a matter of law as to whether the section 119.071(2)(g)1. exemption applies to the case at hand. We reject the Board's argument that section 119.071(2)(g)1. applied to Thorpe's complaint. Although Thorpe's complaint

7

letter listed many examples of alleged abusive behavior that would be inappropriate for one in Adams' position, the complaint did not assert any form of discrimination based upon race, color, religion, sex, national origin, handicap or marital status. "The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be construed narrowly so they are limited to their stated purpose." *Seminole Cty. v. Wood*, 512 So. 2d 1000, 1002 (Fla. 5th DCA 1987) (citations omitted). Adopting the Board's proposed "wait and see" approach in this case is not justified by the language of section 119.071(2)(g)1. In sum, the delay in providing the requested public records was unlawful because the exemption does not apply.

We reverse the decision of the trial court and remand the case for determination and award of reasonable costs and attorney's fees to Appellant.

REVERSED AND REMANDED

WALLIS and LAMBERT, JJ., concur.