fIN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TIMOTHY B. COOKSTON,

       Appellant,

 v.                                     Case No.  5D15-4074

OFFICE OF THE PUBLIC DEFENDER,
FIFTH JUDICIAL CIRCUIT,
MARION COUNTY, FLORIDA, ET AL,

       Appellees.

_____/

Opinion filed July 15, 2016

Appeal from the Circuit Court
for Marion County,
Edward L. Scott, Judge.

Timothy B. Cookston, Malone, pro se.

No Appearance for Appellees.

EDWARDS, J.

      Timothy Cookston appeals the trial court's order denying his petition for writ of mandamus as moot. The petition sought to compel production of e-mails and other correspondence from the Office of the Public Defender and one of its attorneys, William Miller (collectively "Appellees"), pursuant to Chapter 119, Florida Statutes, the "Public Records Act." Cookston's petition also included a request to be reimbursed for his costs, consisting of postage, envelopes, and copying costs pursuant to section 119.12, Florida

Statutes (2015). The trial court found the petition moot because Appellees provided the requested documents to Cookston shortly after he filed his petition. We hold that Cookston's petition was not moot because the court did not determine whether he was entitled to reasonable costs of enforcement pursuant to section 119.12. Accordingly, we reverse and remand for the trial court to conduct appropriate proceedings to determine whether Appellees' delay in providing the requested records constitutes an unlawful refusal entitling Appellant to an award of costs.

On August 3, 2015, Cookston, an inmate in the Department of Corrections, allegedly mailed a public records request letter to Appellees, seeking copies of all e-mails between the Appellees and an assistant state attorney regarding his criminal case. According to Miller, he searched for any e-mails accessible to him on August 10, 2015, the day he received Cookston's request. He mailed them to Cookston the following day. On August 24, 2015, Miller received a second public records letter request from Cookston, dated August 18, 2015, asserting that Miller's initial response was incomplete and requesting production of the remaining e-mails. According to Miller, he contacted the IT department of the Office of the Public Defender to inquire whether it was possible that there were additional responsive e-mails that could be retrieved and provided to Cookston.

On September 10, 2015, Cookston filed a petition for writ of mandamus. In Miller's court-ordered response to Cookston's petition, Miller related the sequence above and explained that after receiving the writ, he obtained additional e-mails from the Office of the Public Defender, which he sent to Cookston prior to filing his response to the petition. Cookston does not dispute that Appellees have produced all of the requested records.

Rather than waiting for Cookston's court-ordered reply, the trial court denied his petition for writ of mandamus as moot because the Appellees "ha[d] produced all e-mail communications as well as the results of a search for any e-mail communications that may not have been initially produced." Cookston nonetheless filed a reply and moved for rehearing, asserting in both pleadings that he was entitled to an award for the reasonable costs of enforcing his rights pursuant to section 119.12.[1] The trial court denied his motion.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist. A moot case generally will be dismissed." *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) (internal citation omitted) (citing *Black's Law Dictionary* 1008 (6th ed. 1990)). "Mootness does not destroy an appellate court's jurisdiction . . . when the questions raised are of general public importance or are likely to recur" or if "collateral legal consequences that affect the rights of a party flow from the issue to be determined." *Id.* (citing *Holly v. Auld*, 450 So. 2d 217, 218 n.1 (Fla. 1984); *Keezel v. State*, 358 So. 2d 247, 248-49 (Fla. 4th DCA 1978)). Appellant contends that his case is not moot because of the collateral legal consequences flowing from the underlying public records case, i.e. his alleged right to be reimbursed for the costs of postage, envelopes, and copying documents.

In *Mazer v. Orange County*, 811 So. 2d 857 (Fla. 5th DCA 2002), plaintiff "submitted a public records request to the Orange County Building Department seeking information regarding procedures which must be followed for demolition of a building."

---

[1] Cookston also sought an award of reasonable attorney's fees pursuant to that same statute; however, there is no indication in the record before this Court that he retained an attorney or otherwise incurred attorney's fees.

811 So. 2d at 858. When plaintiff received the records, the County did not include a copy of the Unsafe Building and Abatement Code because it did not have any extra copies of the Code for distribution, and federal law prevented the County from making a copy of the Code for plaintiff. *Id.* Plaintiff filed a mandamus petition, requesting a copy of the Code and additionally sought attorney's fees. *Id.* "The day before [Orange County's answer] was due, [it] wrote [plaintiff] that it had recently purchased extra copies of the Code from the publisher and, based upon his previous request, [plaintiff] could purchase a copy at cost." *Id.* Orange County then moved to dismiss. *Id.* The trial court dismissed the mandamus petition as moot on the ground that plaintiff had received a copy of the Code he requested. *Id.*

This Court reversed and concluded that "although the production of the Code rendered moot [plaintiff's] request for the Code, it did not render moot his request for [attorney's] fees" under section 119.12, Florida Statutes (1999). *Id.* at 859-60. Section 119.12 provides that if a plaintiff files an action to enforce the provisions of Chapter 119 and "the court determines that [the] agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award . . . the reasonable costs of enforcement . . . ." § 119.12, Fla. Stat. (2015). The *Mazer* court explained that "[t]he purpose of [section 119.12] is to encourage public agencies to voluntarily comply with the requirements of Chapter 119, thereby ensuring that the state's general policy is effectuated." *Mazer*, 811 So. 2d at 860 (quoting *Barfield v. Town of Eatonville*, 675 So. 2d 223, 224 (Fla. 5th DCA 1996)). "An unjustified delay in complying with a public records request amounts to an unlawful refusal under" the section. *Id.* (quoting *Barfield*, 675 So. 2d at 224). "However, it is equally clear that a delay does not in and of itself create liability

4

under section 119.12." *Consumer Rights LLC v. Union Cty., Fla.*, 159 So. 3d 882, 885 (Fla. 1st DCA 2015).

We determined in *Mazer* that plaintiff's case was not rendered moot because the trial court did not make a determination as to whether Orange County's withholding of the record until after the suit was filed was unlawful. *Mazer*, 811 So. 2d at 860. The case was remanded "for further proceedings to determine whether [plaintiff was] entitled to fees pursuant to section 119.12, Florida Statutes." *Id.* This Court made no determination as to whether the County's refusal of access was unlawful. *Id. See also Puls v. City of Port St. Lucie*, 678 So. 2d 514, 514 (Fla. 4th DCA 1996) ("Production of the records after the lawsuit was filed did not moot the issues raised in the complaint. We remand for an evidentiary hearing on the issue of whether, under the facts of this case, there was an unlawful refusal of access to the records within the meaning of section 119.12(1), Florida Statutes (1995).").

We remand this case for further proceedings to determine whether Appellees' delay in producing the requested records amounts to an unlawful refusal under section 119.12. If the trial court concludes that Appellees' delay violated a provision of the Public Records Act, it shall award Cookston the reasonable costs incurred in enforcing access to public records. *See Bd. of Trs., Jacksonville Police & Fire Pension Fund v. Lee,* 189 So. 3d 120, 122 (Fla. 2016). The trial court shall allow Cookston to present evidence, either by affidavit or at a hearing, regarding such costs. *See Weeks v. Golden*, 846 So. 2d 1247, 1250 (Fla. 1st DCA 2003).

REVERSED AND REMANDED.

LAWSON, C.J., and EVANDER, J., concur.