# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0548
Lower Tribunal No. 2022-CA-007552-O

_____

FLORIDA ASSOCIATION OF REALTORS d/b/a FLORIDA REALTORS and
FLORIDA APARTMENT ASSOCIATION, INC.,

Appellants,

v.

ORANGE COUNTY and BILL COWLES, in his official capacity as
Orange County Supervisor of Elections,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Jeffrey L. Ashton, Judge.

June 13, 2025

WOZNIAK, J.

The Florida Association of Realtors d/b/a Florida Realtors and Florida Apartment Association ("Appellants") appeal an order dismissing their complaint against Orange County as moot. Appellants argue that dismissal was improper because a collateral legal consequence—their claim for attorney fees and costs—precluded it. We agree and reverse and remand for further proceedings.

In August 2022, Orange County adopted Ordinance 2022-29 (the "Ordinance") to provide rent stabilization for the citizens of Orange County by imposing a limit on both the amount by which rent could be increased and the frequency with which increases could occur. At the time Orange County sought to enact the Ordinance, section 125.0103(2), Florida Statutes (2021), authorized rent control ordinances under only one circumstance:

> No law, ordinance, rule, or other measure which would have the effect of imposing controls on rents shall be adopted or maintained in effect except as provided herein and *unless it is found and determined, as hereinafter provided, that such controls are necessary and proper to eliminate an existing housing emergency which is so grave as to constitute a serious menace to the general public.*

(Emphasis added) (emphasized language hereinafter referred to as the "Exception"). Accordingly, Orange County included in the Ordinance what it determined were sufficient legislative findings to meet the Exception's requirements.

Less than a week after Orange County adopted the Ordinance, Appellants filed their legal challenge. They alleged that the Ordinance failed to meet the Exception's requirements, and thus Orange County was prohibited from enacting it. In their complaint, Appellants also sought an award of attorney fees and costs under section 57.112, Florida Statutes (2022) (stating that "the court shall assess and award reasonable attorney fees and costs . . . to the prevailing party" when "a civil action is filed against a local government to challenge the adoption or enforcement of a

local ordinance on the grounds that it is expressly preempted by the State Constitution or by state law . . . .").

A temporary injunction was eventually issued.[1] After entry of the temporary injunction but prior to the conclusion of the case, the Florida Legislature amended section 125.0103, eliminating the Exception. *See* § 125.0103, Fla. Stat. (2023). Accordingly, Orange County filed a suggestion of mootness, signifying that section 125.0103's amendment fully resolved the controversy such that a judicial determination would have no effect. Appellants opposed dismissal because, they asserted, their right to recover attorney fees and costs under section 57.112, should they prevail, constituted a collateral legal consequence that precluded dismissal.

The trial court dismissed Appellants' complaint, ruling that section 57.112 was inapplicable to the underlying action because Appellants did not challenge the Ordinance as being expressly preempted by section 125.0103, and concluding that Appellants could not challenge it as being expressly preempted because there was

---

[1] After filing suit, Appellants unsuccessfully sought a temporary injunction to stop Orange County from enacting and enforcing the Ordinance; however, the Fifth District reversed the trial court's ruling. *See Fla. Ass'n of Realtors v. Orange Cnty.*, 350 So. 3d 115 (Fla. 5th DCA 2022) (holding in part that Appellants were substantially likely to succeed on the merits because Orange County could not prove the existence of a housing emergency and the legislative findings in the Ordinance do not suggest that it was implemented to eliminate a housing emergency that was so grave as to affect the general public). On remand, the trial court issued the temporary injunction preventing Orange County from implementing or enforcing any provision of the Ordinance.

no specific statement of preemption in section 125.0103 at the time Orange County sought to enact the Ordinance.

This Court is called upon to resolve two issues: (1) whether the trial court erred by determining that section 57.112 was inapplicable to the underlying action; and (2) whether recovery of attorney fees and costs under section 57.112 is a collateral legal consequence precluding dismissal.

We turn first to the applicability of section 57.112,[2] which requires the assessment of attorney fees and costs in favor of the prevailing party when "a civil action is filed against a local government to challenge the adoption or enforcement of a local ordinance *on the grounds that it is expressly preempted* by the State Constitution or by state law . . . ." (Emphasis added). By its plain language, the statute is applicable to an underlying action only if the prevailing party's challenge was based on a claim that the ordinance was expressly preempted by either state law or the Florida Constitution. Thus, if Appellants' challenge was based on a claim that section 125.0103 expressly preempted Orange County's adoption of the Ordinance, then section 57.112 is applicable. In concluding that it was, we first consider

---

[2] Our analysis of sections 57.112 and 125.0103 proceeds under the de novo standard of review. *See Orosco v. Rodriguez*, 376 So. 3d 92, 94 (Fla. 6th DCA 2023) ("[A] trial court's interpretation and application of a statute is reviewed de novo." (citing *McGovern v. Clark*, 298 So. 3d 1244, 1248 (Fla. 5th DCA 2020))).

4

Appellant's argument that section 125.0103 contains the requisite language of preemption.

Section 125.0103 contained the following language when the Ordinance was challenged:

> (1)(a) Except as herein provided, no county . . . shall adopt or maintain in effect an ordinance or a rule which has the effect of imposing price controls upon a lawful business activity . . . unless specifically provided by general law.
>
> . . . .
>
> (2) No law, ordinance, rule, or other measure which would have the effect of imposing controls on rents shall be adopted or maintained in effect except as provided herein and unless it is found and determined, as hereinafter provided, that such controls are necessary and proper to eliminate an existing housing emergency which is so grave as to constitute a serious menace to the general public.

§ 125.0103(1)(a), (2), Fla. Stat. (2021).

In reviewing the language of section 125.0103, we are mindful that no magic words are required to express preemption, but what is required is language reflecting a clear legislative intent. State law may expressly preempt a local ordinance "by a statutory provision stating that . . . local ordinances on a particular subject are precluded." *Masone v. City of Aventura*, 147 So. 3d 492, 495 (Fla. 2014). "Express preemption requires a specific legislative statement; it cannot be implied or inferred." *See Sarasota All. for Fair Elections, Inc. v. Browning*, 28 So. 3d 880, 886 (Fla. 2010) (citing *City of Hollywood v. Mulligan*, 934 So. 2d 1238, 1243 (Fla.

2006)). "Express preemption of a field by the Legislature must be accomplished by clear language stating that intent." *Id.* (citing *Mulligan*, 934 So. 2d at 1243). In such cases, "there is no problem with ascertaining what the Legislature intended." *Id.* (citing *Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc.*, 681 So. 2d 826, 831 (Fla. 1st DCA 1996)).

Even without the appearance of either the word "preempt" or "preemption" in section 125.0103, we hold that the language in this section evinces a clear legislative intent to preclude, i.e., preempt, local government from imposing a rent control ordinance unless it meets the criteria of the Exception. *See e.g., Masone*, 147 So. 3d at 495 (holding that the language—"The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and *no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized*"—in section 316.007, Florida Statutes, "could not be clearer in providing that local ordinances on 'a matter covered by' the chapter are preempted unless an ordinance is 'expressly authorized'" (emphasis in original)). Consequently, the only way the Ordinance could have been sustained prior to section 125.0103's amendment was if it met the criteria of the Exception; otherwise, it was preempted.

Having determined that section 125.0103 contained language expressly preempting local government from passing rent control ordinances except under one

6

circumstance, our next query is whether Appellants triggered section 57.112 by challenging the Ordinance as expressly preempted; a claim of express preemption is required by section 57.112 as a condition to the award of prevailing party fees and costs thereunder. Our review of Appellants' complaint shows they met that requirement.

Appellants alleged in their complaint that "local governments are generally prohibited from adopting ordinances that would have the effect of imposing rent control." Appellants acknowledged the Exception to this rule but alleged that the Ordinance failed to satisfy the criteria of the Exception "and therefore violate[d] both section 125.0103 of the Florida Statutes, and Article VIII, section 1(g), of the Florida Constitution."[3] By alleging that Orange County was prohibited from enacting the Ordinance under section 125.0103, Appellants put Orange County on notice that the Ordinance was expressly preempted by general law. Inclusion of the

---

[3] Article VIII, section 1, subsection (g) of the Florida Constitution, states:

> CHARTER GOVERNMENT. Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law. The charter shall provide which shall prevail in the event of conflict between county and municipal ordinances.

word "express preemption" would have been redundant; no other meaning can be derived from the nature of Appellants' action.

Orange County attempts to narrow Appellants' challenge as one aimed specifically at "whether the County's legislative findings were supported by sufficient evidence and met the requirements of the statute." However, the consequence of not meeting the Exception's requirement is that the Ordinance was, just as Appellants' complaint alleged, prohibited under general law, i.e., expressly preempted. Accordingly, section 57.112 was applicable to the underlying action because Appellants challenged the Ordinance on the grounds that it was expressly preempted and section 125.0103 does, in fact, contain language of express exemption.

Having resolved the first issue in favor of Appellants by determining that the trial court erred in finding that section 57.112 was inapplicable, we turn next to the second issue presented, which is whether recovery of attorney fees and costs under section 57.112 is a collateral legal consequence precluding dismissal. The trial court concluded fees and costs were not a collateral legal consequence and dismissed the action. We disagree.

We find *Mazer v. Orange County*, 811 So. 2d 857 (Fla. 5th DCA 2002), persuasive on the issue of when attorney fees are considered a collateral legal consequence. In *Mazer*, the plaintiff "submitted a public records request to the

8

Orange County Building Department seeking information regarding procedures which must be followed for demolition of a building." *Id.* at 858. The plaintiff received the records, but those records did not include a copy of the Unsafe Building and Abatement Code because Orange County did not have an extra copy for distribution. *Id.* The plaintiff filed a mandamus petition, requesting a copy of the code under Florida's public records law, chapter 119, Florida Statutes, and seeking attorney fees. *Id.* The day before Orange County's answer was due, Orange County was able to receive a copy of the code from the publisher and provide it to the plaintiff. *Id.* Thereafter, the trial court dismissed the action as moot. *Id.*

On appeal, however, the Fifth District determined the case was not rendered moot because the trial court did not decide whether Orange County's withholding of the record until after suit was filed was unlawful; if it was, then the plaintiff would have been entitled to attorney fees under section 119.12, Florida Statutes. *Id.* at 859; *see also* § 119.12, Fla. Stat. (2014) ("[I]f the court determines that [an] agency unlawfully refused to permit a public record to be inspected or copied, the court *shall* assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees." (emphasis added)). Accordingly, the Fifth District reversed the trial court's dismissal because the plaintiff's right to

9

attorney fees fell within a recognized exception to mootness—it was a collateral legal consequence. *Id.*[4]

Appellants argue that, like Florida's public records law, section 57.112 also allows for a mandatory right to attorney fees and costs, and thus the right to fees and costs is a collateral legal consequence to an otherwise moot action. Appellants are correct. Section 57.112(2) states:

> If a civil action is filed against a local government to challenge the adoption or enforcement of a local ordinance on the grounds that it is expressly preempted by the State Constitution or by state law, the court <u>shall</u> assess and award reasonable attorney fees and costs and damages to the prevailing party.

§ 57.112(2), Fla. Stat. (emphasis added). Under the plain language of the statute, the award of attorney fees and costs to a prevailing party is mandatory in an action challenging a local ordinance's validity on the grounds that it is expressly preempted by either state law or the Florida Constitution. Accordingly, the right to attorney fees

---

[4] Within the context of Florida's public records law, a plaintiff's right to attorney fees and costs has frequently been recognized as a collateral legal consequence to the doctrine of mootness. *See, e.g., Soud v. Kendale, Inc.*, 788 So. 2d 1051 (Fla. 1st DCA 2001) (holding that a request for attorney fees pursuant to the statute allowing attorney fees under Florida's public records law is a collateral legal consequence that is an exception to dismissal based on mootness); *O'Boyle v. Town of Gulf Stream*, 257 So. 3d 1036, 1043 (Fla. 4th DCA 2018) (same); *see also Cookston v. Off. of Pub. Def.*, 204 So. 3d 480 (Fla. 5th DCA 2016) (cost of copying, envelopes, and postage was collateral legal consequence).

and costs is a collateral legal consequence of an otherwise moot case involving the express preemption of a local ordinance.[5]

Accordingly, we reverse the dismissal order and remand for the trial court to assess and award reasonable attorney fees and costs to the prevailing party.

REVERSED and REMANDED for further proceedings.

WHITE and BROWNLEE, JJ., concur.


Daniel E. Nordby and Alyssa L. Cory, of Shutts & Bowen LLP, Tallahassee, and Scott A. Glass and Erik F. Szabo, of Shutts & Bowen LLP, Orlando, for Appellants.

Gregory T. Stewart, of Nabors, Giblin & Nickerson, P.A., Tallahassee, and Jeffrey J. Newton, County Attorney, and Dylan Schott, Assistant County Attorney, Orange County Attorney's Office, Orlando, for Appellees.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED

---

[5] The reason for attorney fees being recognized as a collateral legal consequence is that a plaintiff has a mandatory right to recover fees if it succeeds on its claim. *See e.g., Soud*, 788 So. 2d at 1053 (distinguishing a speculative claim, which is not a collateral legal consequence, of a "possibility of an award of attorney's fees to a prevailing party" with "a lost opportunity to potentially recover attorney fees"); *see also Dep't of Health v. Shands Jacksonville Med. Ctr., Inc.*, 259 So. 3d 247, 250-51 (Fla. 1st DCA 2018) (addressing a moot appeal where the Florida Statutes directed that courts "shall" assess attorney fees if the claimant was successful on the merits; finding that the party's potential "right" to attorneys' fees was a collateral legal consequence).